# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JORDANA MARINKOVIC BAUMAN,<br><br>Debtor, | Case No. 14-cv-00408-BAS-DHB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 34]** |
| JORDANA MARINKOVIC BAUMAN,<br><br>Debtor – Appellant,<br><br>v.<br><br>THOMAS H. BILLINGSLEA, Jr., Chapter 13 Trustee,<br><br>Trustee – Appellee. | |

On February 21, 2014, Debtor Jordana Bauman filed an appeal from the Bankruptcy Court's denial of her motion to vacate, rehear, amend and clarify the Bankruptcy Court's dismissal of her bankruptcy. (ECF No. 1.) She simultaneously filed an election designating the district court as the appellate court for her appeal. (ECF No. 1-1.)

– 1 –

| 1 | On April 21, 2014, the District Court ordered that Bauman file her appellate brief by July 18, 2014. (ECF No. 9.) Bauman failed to do so. On October 30, 2014, the District Court issued an Order to Show Cause as to why the bankruptcy appeal should not be dismissed for failure to file a timely brief. (ECF No. 20.) Bauman was ordered to file any motions or applications for relief by November 14, 2014, and was warned that failure to do so may result in dismissal of her appeal. (*Id.*) Bauman failed to respond, and on November 20, 2014, the District Court dismissed the appeal. (ECF No. 21.)

On March 2, 2015, Bauman filed both a Motion to Vacate the Order dismissing the case (ECF No. 26) and a Notice of Appeal to the Ninth Circuit (ECF No. 27.) On March 9, 2015, the District Court denied the Motion to Vacate as the case was on appeal and the District Court was divested of jurisdiction. (ECF No. 31.)

On April 8, 2015, the Ninth Circuit Court of Appeal dismissed the appeal because Bauman failed to pay the docketing/filing fees in the case. (ECF No. 32.) A year and half later, on November 16, 2016, Bauman's brother filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4) and (5). (ECF No. 34.) Bauman filed a Motion for Joinder in her brother's Motion. (ECF No. 36.) The Bankruptcy Trustee opposed. (ECF No. 37.)

For the reasons stated below, the Court DENIES the Motion for Relief from Judgment. (ECF Nos. 34, 36.)

## I.   ANALYSIS

Federal Rule of Civil Procedure 60(b) provides for relief from judgment on several grounds, including that the judgment was void and that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(4); (5). A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(4) allows a party to seek relief from a final judgment that is "void,"

but "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "A judgment is not void . . . simply because it is or may have been erroneous." *Id.* (quotation omitted.) Nor is a motion for relief under Rule 60(b) a substitute for a timely appeal. *Id.*

"What constitutes a reasonable time depends on the facts of each case." *In re Pac. Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). Major considerations include whether the other side was prejudiced by the delay and whether the moving party had good reason for failing to take action sooner. *Id.*

Putting aside for a moment the fact that Bauman's brother is not a party in this case and has no standing to bring a Motion for Relief from Judgment, the fact remains that there is nothing in the motion that supports a finding of relief under either Rule 60(b)(4) or (5). Although the motion argues that the Bankruptcy Court's decision was void, it makes no argument that *this* Court—which is the court that dismissed the case—lacked jurisdiction or that Bauman was deprived of notice or an opportunity to be heard. The record reflects quite the contrary—Bauman was given an opportunity to explain why she had not filed a timely brief in the Order to Show Cause, and she was given the opportunity to argue the case on appeal. The fact that she pursued neither option does not make the judgment void. *See* 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2862 (3d ed. 2012) (explaining that a judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted inconsistent with due process of law") (footnotes omitted). Similarly, nothing in the Motion for Relief details any evidence that any earlier judgment has been reversed or vacated or that applying the rule prospectively is no longer equitable.

Finally, nothing in the Motion for Relief explains the 19-month delay in filing the motion. Bauman clearly understands how to bring an appeal—she did so in

– 3 –

February of 2014, and then failed to follow through with it after repeated admonitions by the Court. The policy of finality militates against reopening the case this many months after it was dismissed. *See, e.g.*, *Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (explaining that relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation") (internal quotation marks and citation omitted).

**II.     CONCLUSION**

For the foregoing reasons, the Motion for Relief from Judgment brought pursuant to Rule 60(b)(4) and (5) is DENIED. (ECF No. 34.)

**IT IS SO ORDERED.**

**DATED:  April 28, 2017**

Hon. Cynthia Bashant
United States District Judge